IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON DAVID TUCKER,

     Plaintiff,

v.                          CASE NO. 1:17-cv-291-MW-GRJ

DONALD J. TRUMP,
REX TILLERSON,
JEFF SESSIONS, and
JAMES B. COMEY,

     Defendants.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this case by filing a complaint, ECF No. 1, and a motion for leave to proceed as a pauper, ECF No. 2. Leave to proceed as a pauper will be granted for the limited purpose of dismissing this case pursuant to 28 U.S.C § 1915(e) as frivolous and for failure to state a claim upon which relief may be granted.

The Complaint suffers from multiple defects. First, Plaintiff failed to use the Court's form for *pro se* complaints. Pursuant to Fla. N.D. Local Rule 5.7(A), Plaintiff must use the Court's complaint form and the Court "need not–and ordinarily will not–consider a . . . complaint that is not filed on the proper form." The Court will not require Plaintiff to correct this

deficiency because the Complaint suffers from substantive defects that would not be cured by amendment.

Plaintiff sues President Donald J. Trump, Secretary of State Rex Tillerson, Attorney General Jeff Sessions, and former FBI Director James Comey.  Plaintiff accuses each defendant of violating various criminal statutes, including criminal racketeering statutes, obstruction of justice, and trespass.  Plaintiff claims that defendants have ignored his notices and complaints.  ECF No. 1.  Plaintiff alleges no facts in support of these conclusional assertions.  Plaintiff also objects to any "trespass" of this case by a U.S. Magistrate Judge.  *Id*. at 2; ECF No. 4 (Plaintiff's "mandatory judicial notice" to strike the assignment of this case to a Magistrate Judge).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), a federal court may dismiss as frivolous a claim that " 'lacks an arguable basis either in law or in fact.' " *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (finding an action frivolous when the district court concludes that it has "little or no chance of success," because, based on the face of the complaint, the legal theories are "indisputably meritless," or the factual allegations are "clearly baseless," —that is, the complaint "lacks

an arguable basis either in law or in fact"); *Bilal v. Driver*, 251 F.3d 1346,

1349 (11th Cir. 2001) (a case is frivolous when it appears the plaintiff has

little or no chance of success); *Clark v. State of Georgia Pardons &

Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if

the 'plaintiff's realistic chances of ultimate success are slight.' ") ( internal

quotation omitted)).  A claim is frivolous as a matter of law where, *inter alia*,

the defendants are immune from suit, *Neitzke, supra*, 490 U.S. at 327, the

claim seeks to enforce a right which clearly does not exist, *id*., or there is

an affirmative defense which would defeat the claim, such as the statute of

limitations, res judicata, collateral estoppel, or absolute immunity, *Clark*,

supra, 915 F.2d at 640 n.2.  Judges are accorded "not only the authority to

dismiss [as frivolous] a claim based on an indisputably meritless legal

theory, but also the unusual power to pierce the veil of the complaint's

factual allegations and dismiss those claims whose factual contentions are

clearly baseless."  *Neitzke, supra*, 490 U.S. at 327.

In addition to the foregoing, a complaint may be dismissed under 28

U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may

be granted.  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)

(noting that the language of § 1915(e)(2)(B)(ii) tracks the language of

Federal Rule of Civil Procedure 12(b)(6)).  A complaint fails to state a claim when it does not include enough factual matter—taken as true—to " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To avoid dismissal for failure to state a claim, the allegations must show plausibility. *Id*. at 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a " 'plain statement' possess [ing] enough heft to 'sho[w] that the pleader is entitled to relief.' " *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.  In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements. *See id.; Mitchell, supra*, 112 F.3d at 1490.

In determining whether a complaint states a claim upon which relief

may be granted, the Court takes the plaintiff's allegations as true, *Jones v. Bock*, 549 U.S. 199, 215 (2007), and accords them a liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (recognizing that when considering a *pro se* litigant's allegations, the court holds them to a more lenient standard than those of an attorney).  However, the court does not have "license ... to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*).  Further, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Therefore, leniency notwithstanding, with respect to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, a *pro se* litigant's allegations must meet the *Twombly* standard for plausibility. *See Hall v. Sec'y, Dep't of Corr.*, 304 Fed.Appx. 848, 849 (11th Cir. Dec. 24, 2008) (unpublished) (applying *Twombly* standard to pro se prisoner complaint screened pursuant to § 1915(e)(2)(B)(ii)).

Federal courts are courts of limited jurisdiction that possess only that

power authorized by the Constitution and federal statutes.  *See, e.g.,*

*Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the

court's jurisdiction must establish the basis for such jurisdiction in the

complaint.  *See Taylor  v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

To the extent that Plaintiff is attempting to assert a claim for relief

under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission

deprived him of a right, privilege, or immunity secured by the Constitution

or a statute of the United States; and (2) the deprivation occurred under

color of state law.  *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir.

2010).  The plaintiff must allege facts showing an affirmative causal

connection between each specific defendant's conduct and the alleged

deprivation of his constitutional rights.  *Zatler v. Wainwright,* 802 F. 2d 397,

401 (11th Cir. 1986).   If a plaintiff cannot satisfy these requirements, or

fails to provide factual allegations in support of his claim, the complaint is

subject to dismissal.  *Id.* at 737-38.

Plaintiff's complaint is devoid of factual allegations suggesting that he

has any cognizable federal claim against defendants Trump, Tillerson,

Sessions, or Comey.  In addition to failing to state a cognizable claim that

defendants have violated his civil rights, Plaintiff's suggestion that he has

any authority or legal basis to charge the named defendants with criminal

violations is wholly frivolous.  Plaintiff has also failed to identify any basis

for the Court to reconsider the assignment of this case to the undersigned

for all proceedings pursuant to Fla. N.D. Local Rule 72.2.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a

plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178,

182 (1962), leave to amend "should be freely given."  *See* Fed.R.Civ.P.

15(a).   Under *Foman*, however, a district court may properly deny leave to

amend the complaint when such amendment would be futile.  *Foman*, 371

U.S. at 182.   The Court concludes that amendment of the Complaint

would be futile because amendment would not cure the deficiencies

regarding the lack of any factual basis for the exercise of federal subject

matter jurisdiction pursuant to section 1983 and the frivolity of Plaintiff's

claims alleging violations of criminal statutes.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to

proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

lack of subject matter jurisdiction, as frivolous, and for failure to state a

claim.  Plaintiff should be **WARNED** that the filing of frivolous complaints

could lead to the imposition of sanctions, including monetary sanctions.

**IN CHAMBERS** in Gainesville, Florida, on the 11th day of December

2017.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**